UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK SCHROEDER,

    Petitioner,                                       Hon. Wendell A. Miles

v.                                                        Case No. 1:04-CV-30

PAUL RENICO,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Schroeder's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Schroeder's petition be **denied**.

## BACKGROUND

On November 19, 1997, Lisa Nelson's home was burglarized. (Preliminary Examination Transcript, May 6, 1998, 3-8). On December 24, 1997, the Blonde's Farm Supply store in Union City, Michigan was burglarized. *Id.* at 8-15. At the preliminary examination, Timothy Bennett testified that he committed these crimes with the assistance of Petitioner and Steve Adams. *Id.* at 15-23. Accordingly, Petitioner was bound over for trial on charges of second degree home invasion and breaking and entering a building with the intent to commit larceny therein. *Id.* at 23-24. Petitioner was also charged with being a fourth offense habitual offender. (Plea Transcript, January 26, 1999, 3). The

penalty for being convicted of this latter charge was "imprisonment for life or a lesser term." (Plea Transcript, January 26, 1999, 3-5; Mich. Comp. Laws § 769.12).

Following the presentation of the state's case against him, Petitioner decided to enter into a plea agreement. (Plea Transcript, January 26, 1999, 3). Pursuant to the terms of the agreement, Petitioner agreed to plead no contest to the crime of second degree home invasion. *Id.* at 8. In return, the prosecution agreed to dismiss the breaking and entering charge and to also recommend that Petitioner be sentenced as a third offense habitual offender (which did not carry with it the potential for a sentence of life in prison) rather than as a fourth offense habitual offender. *Id.* at 3-8. The prosecution further agreed to dismiss a separate charge of second degree home invasion. *Id.* The trial court accepted Petitioner's no contest plea. *Id.* at 14-15.

Asserting his innocence, Petitioner later moved in the trial court to withdraw his plea. (Motion Transcript, March 17, 1999, 2). Noting that Petitioner did not enter his plea until after the prosecution presented its case in chief, the court concluded that granting Petitioner's motion was not in the interests of justice and, furthermore, would prejudice the prosecution. *Id.* at 3-5. The trial court further determined that the prosecution had presented at trial "overwhelming" evidence of Petitioner's guilt which supported his no contest plea. Accordingly, Petitioner's motion was denied. *Id.* Petitioner was subsequently sentenced to serve 18-30 years in prison. (Sentencing Transcript, April 2, 1999, 8-9).

Petitioner (now represented by different counsel) appealed his conviction to the Michigan Court of Appeals. Noting that under Michigan law it lacked jurisdiction in the matter because Petitioner pled no contest, the court dismissed Petitioner's appeal. *People v. Schroeder*, No. 220068, Order (Mich. Ct. App., Aug. 10, 1999). Petitioner did not appeal this determination to the Michigan Supreme Court. (Dkt. #12, Exhibit A).

Petitioner eventually filed in the Michigan Court of Appeals a delayed application for leave to appeal in which he asserted the following issues:

> I. The trial judge abused his discretion by not allowing Defendant to withdraw his plea of no-contest to home invasion second degree.
>
> II. The minimum sentence is not proportional to the Defendant.

The court denied Petitioner's request for leave to appeal. *People v. Schroeder*, No. 225738, Order (Mich. Ct. App., May 15, 2000). Asserting the following issues, Petitioner (now representing himself) moved the Michigan Supreme Court for leave to appeal this determination:

> I. Trial judge denied my motion to withdraw the no-contest plea.
>
> II. The minimum sentence was not proportional to the Defendant.
>
> III. My co-defendant, Steve Adams, committed perjury.

The court denied Petitioner's request for leave to appeal. *People v. Schroeder*, No. 116962, Order (Mich., Sep. 26, 2000). On November 30, 2000, Petitioner filed in the United States District Court for the Eastern District of Michigan a petition for writ of habeas corpus in which he asserted the following claims:

> I. The trial judge would not allow Petitioner to withdraw his no-contest plea.
>
> II. Petitioner's attorney was ineffective.
>
> III. The trial court failed to hear Petitioner's motion for dismissal for violating Michigan's "180-day rule" denying Petitioner his right to a speedy trial.
>
> IV. The minimum sentence is not proportional.

(Dkt. #12, Exhibit B).

Petitioner acknowledged that he had failed to properly exhaust all of the claims asserted in his petition. Accordingly, Schroeder's petition for writ of habeas corpus was dismissed without prejudice on July 23, 2001. *Id.*

On April 16, 2001, Petitioner filed in the state trial court a motion for relief from judgment in which he asserted the following claims:

> I. Whether discretionary power to withhold transcripts from this indigent Defendant is a denial of equal protection of the laws.
>
> II. Whether Defendant received effective assistance of his appellate counsel pursuant to his failure to raise in Defendant's direct appeal the ineffective assistance of Defendant's trial counsel.
>
> III. Whether the cumulative effect of the errors that occurred at the trail proceedings denied Defendant his constitutional right to a fair trial in accordance with due process.

Petitioner's request for relief was denied. *People v. Schroeder*, No. 98-05-6601-FH, Opinion (Branch County Cir. Ct., Dec. 26, 2001). Petitioner subsequently filed in the Michigan Court of Appeals a delayed application for leave to appeal in which he asserted the following issues:

> I. The trial court clearly erred in denying Appellant's motion where Appellant was denied his Sixth Amendment right to the effective assistance of trial and appellate counsel.
>
> > A. Appellant's no-contest plea was the result of ineffective assistance of trial counsel and was not knowingly, intelligently and voluntarily made.

> B. Appellant's appellate counsel was ineffective for failing to raise this claim on his appeal.

The court denied Petitioner's appeal because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Schroeder*, No. 239390, Order (Mich. Ct. App., May 13, 2002). Raising the same issues, Petitioner moved in the Michigan Supreme Court for leave to appeal this decision. The court denied Petitioner's request because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Schroeder*, No. 121669, Order (Mich., Dec. 4, 2002). On January 15, 2004, Petitioner initiated the present action, asserting the following claim:

> I. Petitioner was deprived of his Sixth Amendment right to the effective assistance of trial and appellate counsel where appellate counsel failed to adequately brief or investigate the claim that Petitioner's trial counsel rendered ineffective assistance.

## STANDARD OF REVIEW

Schroeder's petition, filed January 15, 2004, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or

>       (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535

U.S. at 694; *Williams*, 529 U.S. at 409-12.  Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority.  The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law.  *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct.  *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)).  Petitioner can rebut this presumption only by clear and convincing evidence.  *Id.*

The deferential standard articulated by the AEDPA, however, does not apply if the state has failed altogether to review a particular claim.  As the Sixth Circuit has indicated, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer."  In such circumstances, the court conducts a *de novo* review.  *See McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003); *see also Wiggins v. Smith*, 123 S. Ct. 2527, 2542 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340

F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## **ANALYSIS**

Under the procedural default doctrine, federal habeas review is barred where a state court declined to address Petitioner's claims because of a failure to satisfy state procedural requirements. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Where Petitioner's claims have been procedurally defaulted, the state court judgment rests on an independent and adequate state ground precluding review by a federal court. *See Coleman*, 501 U.S. at 750-51; *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977); *Harris v. Reed*, 489 U.S. 255, 262 (1989).

The Sixth Circuit employs a multi-part test to determine if a petitioner has procedurally defaulted a particular issue: (1) there must exist a state procedural rule that is applicable to the claim and with which the petitioner failed to comply, (2) the state court must have actually enforced the state procedural rule, and (3) the default must constitute an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim. *See Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001). Furthermore, to find that a petitioner has procedurally defaulted a particular claim, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).

If Petitioner has procedurally defaulted a particular claim, federal habeas review is available only if he can establish the existence of cause and prejudice for his procedural default, or if a fundamental miscarriage of justice would result from the failure to grant the relief he seeks. *See Ylst v. Nunnemaker*, 501 U.S. 797, 806 (1991); *Coleman*, 501 U.S. at 750-51; *Buell*, 274 F.3d at 348.

With respect to cause, Petitioner must demonstrate the existence of some objective factor, external to the defense, which impeded his efforts to comply with the applicable procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish that a miscarriage of justice would result from the Court's failure to review his procedurally defaulted claims, Petitioner must make a "colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). The burden to make this showing rests with Petitioner, *see Floyd v. Alexander*, 148 F.3d 615, 618 (6th Cir. 1998); *Mitchell v. Rees*, 114 F.3d 571, 577 (6th Cir. 1997), who must demonstrate the existence of new and reliable evidence, not presented at trial, which establishes that some constitutional error probably resulted in the conviction of an innocent person. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). The evidence must show that it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 326. This requires Petitioner to overcome a hurdle higher than that to establish prejudice. *Id.*

Michigan Court Rule 6.508 provides that a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised in a prior appeal. M.C.R. 6.508(D)(2)-(3). With respect to claims which could have been raised in a prior appeal, a defendant is entitled to relief only if he can establish both "good cause" for failing to assert the issue previously and "actual prejudice" resulting therefrom. M.C.R. 6.508(D)(3). In this context, "actual prejudice" is defined as a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." M.C.R. 6.508(D)(3)(a)-(b).

The Sixth Circuit has held that denial of leave to appeal on the basis that a petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)," constitutes a

sufficient determination that the court's conclusion was based on procedural default. *See Burroughs v. Makowski*, 282 F.3d 410 (6th Cir. 2002); *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000). Furthermore, Rule 6.508(D), regularly followed since 1990, constitutes an independent and adequate state ground, the reliance on which precludes federal review of those issues against which it is applied. *Simpson*, 238 F.3d at 407.

As indicated above, Petitioner did not present his ineffective assistance of counsel claims in his initial appeals to the Michigan Court of Appeals and Michigan Supreme Court, but instead asserted these claims for the first time in his initial request for habeas relief filed in the United States District Court for the Eastern District of Michigan. Petitioner did not assert his ineffective assistance of counsel claims in the Michigan state courts until his April 16, 2001 motion for relief from judgment filed in the trial court. While the trial court denied Petitioner's ineffective assistance claims, the Michigan Court of Appeals and Michigan Supreme Court both denied these claims on the ground that Petitioner failed to comply with Michigan Court Rule 6.508(D).

Petitioner has, therefore, procedurally defaulted his ineffective assistance of counsel claims. Petitioner asserts, indirectly, that his default should be excused because his appellate counsel rendered ineffective assistance by failing to present to the state courts his claims of ineffective assistance. While the ineffective assistance of counsel can "supply the cause that, together with prejudice, would excuse a procedural default," *see McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004), Petitioner cannot establish that he received ineffective assistance from either his appellate attorney or trial counsel.

To establish that counsel's performance was constitutionally deficient, Petitioner must first establish that his counsel's performance was so deficient that he was not functioning as the

"counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Accordingly, it must be demonstrated that counsel's actions were unreasonable under prevailing professional norms. *Id.* at 688. In making this determination, however, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [Petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689.

Second, Petitioner must further establish that counsel's performance was prejudicial in that it denied him a fair trial. *See Id.* at 687; *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996). This is a heavy burden for Petitioner to meet, because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*), *cert. denied*, 113 S. Ct. 2969 (1993); *see also, West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

Petitioner asserts that his trial counsel was ineffective for failing to secure for trial the testimony of his alleged alibi witnesses. However, even if the Court were to find that such constitutes deficient performance, Petitioner cannot establish that he was prejudiced thereby. Petitioner has presented no evidence that his alleged alibi witnesses would have presented testimony supporting Petitioner's alleged alibi. Furthermore, Petitioner's alleged alibi pertains to only one of the several crimes of which he was charged. In light of the "overwhelming" evidence of Petitioner's guilt presented by the prosecution, the negotiation by Petitioner's trial counsel of a plea agreement which eliminated the possibility that Petitioner would be sentenced to life in prison has a fourth habitual offender hardly constitutes ineffective assistance.

In sum, Petitioner cannot establish that his trial counsel rendered ineffective assistance. Thus, Petitioner cannot establish that his appellate counsel rendered ineffective assistance for failing to assert this particular claim on appeal. Because Petitioner cannot establish that either of his attorneys rendered ineffective assistance, he cannot demonstrate cause and prejudice to overcome his procedural default. The Court concludes, therefore, that Petitioner has procedurally defaulted the claims asserted in his petition for writ of habeas corpus, precluding their consideration by this Court.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Schroeder's petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: October 6, 2006         /s/ Ellen S. Carmody
                              ELLEN S. CARMODY
                              United States Magistrate Judge